O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARLETTE SHIMOTSU (surviving spouse) on behalf of CHARLES T. SHIMOTSU (deceased),<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. SA CV 15-0552 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Sharlette Shimotsu ("Plaintiff"), on behalf of her deceased husband Charles T. Shimotsu,[1] challenges the Social Security Commissioner's decision denying Mr. Shimotsu's application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erred by (1) improperly assessing Mr. Shimotsu's testimony, and (2) failing to consider her lay witness testimony at all. (*See* Joint Stip. at 3, 14-19, 23-29.) The Court agrees with Plaintiff for the reasons discussed below.

---

[1] Mr. Shimotsu suffered from depressive disorder, anxiety disorder, insomnia, and other impairments. He committed suicide while his claim was pending before the Appeals Council. (Administrative Record ("AR") at 17, 20, 145-46, 548, 833-34, 1155.)

1

A.     The ALJ Improperly Assessed Mr. Shimotsu's Credibility

As a rule, absent a finding of malingering, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so" supported by substantial evidence. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003); *Brown-Hunter v. Colvin*, 806 F.3d 487, 489, 492-93 (9th Cir. 2015). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Brown-Hunter*, 806 F.3d at 493 (citation and internal quotation marks omitted).

Here, first, the ALJ's reliance on purported inconsistencies in Mr. Shimotsu's statements concerning his 1980s cocaine use is neither "clear and convincing" nor supported by substantial evidence. (AR at 25); *Coffman v. Astrue*, 469 F. App'x 609, 611 (9th Cir. 2012) (inconsistent statements about drug use can be a clear and convincing reason to discredit a claimant's testimony, provided they are supported by substantial evidence in the record). Significantly, (1) it not clear how Mr. Shimotsu's statement to treatment staff in October 2007 that he had used cocaine in the 1980s, but "nothing now," is inconsistent with his being admitted to the hospital in December 2006 for taking Xanax and alcohol because he "couldn't sleep," (2) the evidence relied on by the ALJ (AR at 25 (citing AR at 804, 826)) does not reveal any inconsistency in Mr. Shimotsu's statements concerning  his alcohol use[2] or drug use,[3] and, in any event,

---

[2]     The Commissioner points to another alleged inconsistency in Mr. Shimotsu's statements concerning alcohol use, improperly citing evidence not relied on by the ALJ. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It is error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss."). The Commissioner alleges that Mr. Shimotsu said in July 2007 that he had last used alcohol in the 1980s, but was hospitalized only months earlier in December 2006 for his Xanax/alcohol use. (Joint Stip. at 20.) However, the medical record cited by the Commissioner – a July 2007 treatment note – clearly shows that "alcohol" was crossed out, indicating that Mr. Shimotsu did *not* report that he last used alcohol in the 1980s. (*Id.*, citing AR at 824, 1009.)

[3]     The Commissioner also improperly points to an alleged conflict in Mr. Shimotsu's statements concerning past drug use by observing that Mr. Shimotsu "likewise admitted in 2007 that he used cocaine (AR 824), but in 2008 denied any drug use." (Joint Stip. at 20); *Connett*, 340 F.3d at 874. Mr. Shimotsu's admission in 2007 was, again, that he used cocaine in the 1980s, not that he used it in 2007, as the Commissioner's statement implies. Further, Mr. Shimotsu's 2008 denial of drug use is

(3) the ALJ acknowledged that any purported inconsistency in Mr. Shimotsu's statements concerning past drug use was "not material in this case." (*Id.* at 25, 54, 804, 827).

Second, the Commissioner's suggestion that Mr. Shimotsu stopped receiving psychiatric treatment after April 2008 is not supported by the record. (Joint Stip. at 21-22); *Schroeder v. Colvin*, 2015 WL 3767535, at *5 (C.D. Cal. June 17, 2015) (rejecting ALJ's credibility finding in part because, although an ALJ may consider a claimant's unexplained or inadequately explained failure to seek treatment as a factor in the credibility determination, the record reflected that claimant *did* seek treatment during the period). In particular, the Commissioner relies on the ALJ's observation that there are "no . . . further treating notes from Orange County Psychological Services after April 2008." (Joint Stip. at 21-22; AR at 25.) However, the ALJ elsewhere acknowledges that Mr. Shimotsu sought extensive psychiatric treatment from Dr. Aunghkin B. Aunghkin from at least 2008 through 2011. (*See* AR at 24-25, 604, 642-43, 651, 653, 665-66, 669, 697, 976-85, 1044-52, 1072, 1085-89, 1095-1105, 1144-53.)

Third, the remaining reason – a purported lack of medical evidence – cannot, by itself, support a credibility determination. (AR at 25); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (lack of objective medical evidence supporting claimant's symptoms and limitations cannot, by itself, support a credibility finding); *Dschaak v. Astrue*, 2011 WL 4498835, at *1 (D. Or. Sept. 27, 2011) ("once [the] other bases for the ALJ's decision were discarded as erroneous, the ALJ's credibility determination could not rely solely on conflicts with the medical evidence").

Thus, the ALJ improperly assessed Mr. Shimotsu's credibility.

//

//

---

reasonably interpreted as a denial of *current* drug use, not a denial of having ever used drugs. (AR at 1060.)

3

B. <u>The ALJ Failed to Consider Plaintiff's Lay Witness Testimony</u>

As a general matter, the ALJ may discount the testimony of lay witnesses only if she provides specific "reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").

Here, first, the ALJ failed to acknowledge Plaintiff's administrative hearing testimony, let alone provide reasons for disregarding it.[4]  (AR at 15); *see Tobeler v. Colvin,* 749 F.3d 830, 833-34 (9th Cir. 2014) ("[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment"); *White v. Colvin*, 585 F. App'x 425, 426 (9th Cir. 2014) ("ALJ . . . erred by failing to explain her reasons for disregarding the lay witness testimony of [claimant's] wife, . . . and by failing to discuss it altogether.").

Second, the error is not harmless in light of this Court's finding that the ALJ improperly rejected Mr. Shimotsu's credibility.  *Cf. Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) ("Because the ALJ had validly rejected all the limitations described by the lay witnesses in discussing [the claimant's] testimony, we are confident that the ALJ's failure to give specific witness-by-witness reasons for rejecting the lay testimony did not alter the ultimate nondisability determination.")

Thus, the ALJ improperly failed to assess Plaintiff's credibility.

---

[4]  Instead, the ALJ mentioned purported discrepancies in Plaintiff's third-party function report. (AR at 25.)  The Commissioner ignores Plaintiff's argument that the ALJ failed to address her administrative hearing testimony, and instead merely repeats the alleged function report discrepancies and offers new reasons not relied on by the ALJ.  (*See* Joint Stip. at 26-27); *see Kinley v. Astrue*, 2013 WL 494122, at *3 (S.D. Ind. Feb. 8, 2013) ("The Commissioner does not respond to this [aspect of claimant's credibility] argument, and it is unclear whether this is a tacit admission by the Commissioner that the ALJ erred or whether it was an oversight.  Either way, the Commissioner has waived any response.").

### C. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id*. at 594.

Here, in light of the error, the ALJ shall reconsider Mr. Shimotsu's subjective complaints and the resulting functional limitations, and either credit his testimony or provide clear and convincing reasons, supported by substantial evidence, for rejecting it. *See Benton*, 331 F.3d at 1040. Further, if the ALJ rejects Mr. Shimotsu's allegations, she must specifically identify what testimony is not credible, and what evidence undermines his complaints.[5] *See Brown-Hunter*, 806 F.3d at 493.

The ALJ shall also consider Plaintiff's administrative hearing testimony, and either credit it, or provide germane reasons for disregarding the testimony. *See Dodrill*, 12 F.3d at 919; *Lewis*, 236 F.3d at 511.

Finally, the Court is mindful that "the touchstone for an award of benefits is the existence of a disability, not the agency's legal error." *Brown-Hunter*, 806 F.3d at 495. Because it is unclear, on this record, whether Mr. Shimotsu was in fact disabled, remand here is on an "open record." *Id*.; *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014).

//

//

---

[5] The ALJ should strongly consider crediting Mr. Shimotsu's testimony in light of: (1) his unavailability to provide further testimony due to his death, and (2) the Appeals Council's prior remand to reconsider, among other things, his credibility. (*See* AR at 216; 1155.)

Given the necessity of remand, the parties may freely take up the remaining issues raised in the Joint Stipulation before the ALJ. Either party may address those points in the remanded, open proceeding.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

DATED: April 27, 2016

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*